18-654-cr
*United States v. Coolbaugh*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                          No. 18-654-cr

KEVIN COOLBAUGH,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Elizabeth M. Johnson, Law Offices of Elizabeth M. Johnson, New York, NY. |
| For Appellee: | Miroslav Lovric, Carina H. Schoenberger, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kevin Coolbaugh appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) entered March 6, 2018 sentencing him principally to 36 months' imprisonment for violating the terms of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Coolbaugh argues that his sentence is procedurally unreasonable because the district court incorrectly determined that his New York State conviction for unlawful manufacture of methamphetamine in the third degree in violation of N.Y. Penal Law § 220.73(1) constituted a Grade A violation of the terms of his supervised release pursuant to § 7B1.1(a)(1) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). According to Coolbaugh, the district court did not make any findings as to his actual conduct but merely concluded that his New York offense constituted "manufacture of a controlled substance" as defined by U.S.S.G. §4B1.2(b) even though N.Y. Penal Law § 220.73(1) can be violated by someone who possessed no controlled substance as defined under federal law.

We need not reach the merits of Coolbaugh's argument because Coolbaugh waived it by affirmatively representing to the district court that his underlying offense conduct constituted a Grade A violation under the sentencing guidelines. *See* App. at 61 (informing the district court that the "conduct that [Coolbaugh] admitted to in county court encompasses allegation number one, and that [Coolbaugh] will be prepared to admit to allegation number one here as being that he admitted he committed that conduct, same as he admitted in county court, and that … then the

2

Court would be free to sentence him under an A violation"); *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) (waiver exists where a "defendant, through counsel, acted intentionally in pursuing, or not pursuing, a particular course of action"). Coolbaugh cannot now argue that the district court should have adduced further evidence regarding his conduct to determine whether or not his conduct qualified as a Grade A violation.

We have considered all of Coolbaugh's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk